JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

---

Charles Joseph
Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601 D.
New York, NY 10004
Phone  (212)  688-5640
Fax  (212)  688-2548
www.jk-llp.com

January 3, 2024

**VIA ECF**

Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

> **Re:** *Ophir v. Koneska Health Inc., et al.* **No. 1:23-cv-09145 – Letter in Opposition to Defendants' Request for Discovery Stay**

Dear Judge Ho:

We represent the Plaintiff, Gol Ophir, in the above captioned case, and we write, respectfully, to oppose Defendants' request to stay discovery pending the Court's decision on Defendants' Motion to Dismiss the Complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). *See* Dkt. No. 18. The Court should deny Defendants' request for a stay because Defendants motion is likely to be denied, any burden on Defendants in responding to discovery requests is minimal, and Plaintiff would be prejudiced by delaying discovery.

On October 17, 2023, Plaintiff filed his Complaint against Defendants, asserting claims for age discrimination under the Age Discrimination in Employment Act, 29 U.S.D. §§ 631, et seq., ("ADEA"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq., ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107, et seq. ("NYCHRL"), and the New York Labor Law ("NYLL") § 740; and claim for unlawful retaliation under the NYSHRL, NYCHRL, and NYLL. *See* Dkt. No. 1.

On December 20, 2023, Defendants moved to dismiss Plaintiff's complaint in its entirety for failing to state a claim under FRCP 12(b)(6). Dkt. Nos. 16, 17. Plaintiff's opposition to the motion is due January 26, 2024, and Defendants' reply is due February 9, 2024. Dkt. No. 21. Defendants now request that discovery be stayed pending the Court's resolution of this motion, arguing that their motion will likely be granted and that responding to discovery requests while the motion is pending would be burdensome. *See* Dkt. No. 18. For the reasons herein, the Court should deny this request.

"A motion to dismiss does not automatically stay discovery" therefore "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hone Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Under FRCP 26(c), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Id.* (internal citations omitted). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of N.Y.*, Case No. CV 2011-0622, 2012 U.S. Dist. LEXIS 37876, at *2 (E.D.N.Y. March 20, 2012). "Courts consider: (1)

the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Find. Ltd. (Sing)*, 297 F.R.D. at 72 (cleaned up). In examining the "strength of the motion," a court will grant a stay where there has been a "strong showing that the plaintiff's claim is unmeritorious." *Id.* at 73.

Here, Defendants have failed to provide a "strong showing" that Plaintiff's claims are unmeritorious. Defendants simply make conclusory statements that Plaintiff has failed to state a claim for relief. *See* Dkt. No. 18 at 2. This is insufficient, but unsurprising because the detailed facts alleged in Plaintiff's complaint are sufficient to state a claim. *See generally* Dkt. No. 1 ("Compl."). Plaintiff alleges that he was paid less (i.e., discriminated against) because of his age. Compl. ¶¶ 15-48. To support this contention, Plaintiff alleges that he was the oldest member of the leadership team; Compl. ¶ 16, that Defendant Benko told him that he would be paid the same base salary as other, younger, members of the leadership team; Compl. ¶¶ 20-21, but that Plaintiff was, in fact, paid a lower base salary than the other, younger, members of the leadership team; Compl. ¶ 23-25, that this payment structure violated the company's own internal policies as to compensation and that other, younger, members of the leadership team's compensation was in conformance to the company's internal policies; Compl. ¶¶ 36-41, that another older employee was also paid less than his contemporaries in violation of the internal policies; Compl. ¶¶ 42-43, that when Defendant Benko was confronted with this pay disparity – that two of the company's oldest employees were being paid less than the company's policy required – Defendant Benko did not alter Plaintiff's or the other old employee's pay; Compl. ¶¶ 44-47, and that two specific individuals on the leadership team held positions that required equal level of skills, duties, and responsibilities as Plaintiff's position. Compl. ¶ 29-34. These allegations are sufficient to defeat a motion to dismiss for age discrimination and equal pay violations. *See e.g., Alexander v. New York City Dep't of Educ.*, Case No. 19-cv-7023, 2020 U.S. Dist. LEXIS 223311, at *17-20 (S.D.N.Y. Nov. 30, 2020) (denying motion to dismiss because "[d]iscriminatory motivation may be shown by the more favorable treatment of employees not in the protected group").

Furthermore, Plaintiff has alleged sufficient facts to state a claim for retaliation and unlawful termination. Compl. ¶¶ 49-81. Contrary to Defendants' contention, Plaintiff alleges that he engaged in protected activity. Specifically, Plaintiff contends that he reported, and took active steps to address, an incident where the company's President participated in spiking the drink of a company employee. Compl. ¶¶ 55-65. Plaintiff reported the incident to Defendant Benko and sought legal advice from outside counsel in how to handle the incident. Compl. ¶¶ 62-67. This constitutes protected activity as Plaintiff reported and took steps to address a potential violation of law, including sexual harassment. *See* N.Y. Lab. Law § 740(2)(a) (prohibiting retaliation because an employee "discloses to a supervisor…. any activity…. of the employer that the employee reasonably believes in in violation of law, rule or regulation…). When Plaintiff reported the incident, Defendant Benko screamed at him and fired him two weeks later. Compl. ¶¶ 68-79. Again, this is sufficient to allege causation. *See Arbouin v. Bob's Disc. Furniture, LLC*, Case No. 20-cv-1893, 2021 U.S. Dist. LEXIS 124119, at *26 (E.D.N.Y. June 30, 2021) (finding temporal proximity of "at most two months" between protected activity and retaliatory act sufficient for pleading purposes)

Not only has Defendants failed to make a "strong showing" that they will succeed on their motion, but it is likely that the motion will be denied. Furthermore, even if the Court were to grant Defendants' motion as it pertains to some of Plaintiff's claims, it is extremely unlikely that the Court will grant the motion as to all of Plaintiff's claims, and thus discovery should not be stayed. *See Alford v.*, 2012 U.S. Dist. LEXIS 37876, at *4-7 ("While the defendants may have substantial arguments for

dismissal of some of the claims, this Court is doubtful that defendants will succeed in dismissing *all of the claims* against them." (emphasis added)).

In addition, the discovery Plaintiff seeks would not be burdensome on Defendants. "A party requesting a stay must state any burden associated with the production and vague and conclusory contentions are not sufficient to prevail." *RBG Mgmt. Corp. v. Vill. Super. Mkt. Inc.*, Case No. 22-cv-07996, 2023 U.S. Dist. LEXIS 12210, at *5 (S.D.N.Y. Jan. 24, 2023). Defendants' assertion of a burden is conclusory and vague. Moreover, this is a standard employment discrimination and unlawful termination case, and the relevant documents and testimony that Plaintiff seeks in this action – Plaintiff's employment file, pay records from comparators, documents related to Plaintiff's alleged protected activity, documents related to Plaintiff's termination, and testimony from the decisionmakers – are not so numerous or extensive as to be burdensome to Defendants should they be required to produce them while the motion is pending. *Id.* (finding no burden in part because Defendants did not identify specific discovery that would "move beyond generally describing the cost of participating in standard civil discovery *for a case like this*" (emphasis)). In addition, as explained above, Defendants motion will likely not be granted in its entirety, and, because of the overlapping nature of the discovery sought for all Plaintiff's claims, it would be more efficient to allow discovery to move forward while the motion is pending.

Finally, Plaintiff would be prejudiced by delaying discovery until a decision is reached on the motion, which will not be fully briefed until the middle of February. Plaintiff would be prejudiced if he is required to depose witnesses who, because of an unnecessary delay caused by the pending motion, have diminished recollections of the central events in the case, some of which stem from the beginning of Plaintiff's employment in 2018. *See e.g., Menkel v. GMC*, Case No. 7:05-CV-0826, 2008 U.S. Dist. LEXIS 144324, at *4 (N.D.N.Y. Feb. 28, 2008) (noting that "the longer the period of time that transpires, the greater the likelihood that…the recollection of…witnesses diminish," and finding this "sufficient to demonstrate prejudice").

For the foregoing reasons, we respectfully request that the Court deny Defendants' request for a stay of discovery. We thank the Court for its careful consideration of this issue.

Respectfully Submitted,

/s/ Michael DiGiulio
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP

*Attorneys for Plaintiff*