

**PADUANO & WEINTRAUB LLP**
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

December 19, 2023

<u>Via ECF</u>

Judge Dale E. Ho
United States District Court, Southern District Of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 905
New York, New York 10007

      Re:    Ophir v. Koneksa Health Inc. et al;
             <u>Case No. 1:23-cv-09145-DEH</u>

Your Honor:

      We represent defendants Koneksa Health Inc. ("Koneksa" or the "Company") and Christopher Benko (collectively "Defendants") in the above-referenced action. Defendants hereby submit this letter to respectfully request a stay of discovery pending the Court's decision on Defendants' Motion to Dismiss the Complaint in its entirety, pursuant to Fed. Rule of Civ. Proc. § 12(b)(6), dated December 19, 2023 (ECF Doc. 16-17) (the "Motion").

      On October 17, 2023, Plaintiff Gol Ophir ("Plaintiff") filed the Complaint against Defendants alleging claims of (i) discrimination on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 631, et seq. ("ADEA"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107, et seq. (the "NYCHRL" and, together with the NYSHRL, the "NY HRLs"); (ii) unequal pay on the basis of age in violation of the New York Labor Law ("NYLL") § 194; and (iii) retaliation in violation of the NYLL § 740 and the NY HRLs. As argued in the Motion, the Complaint is threadbare, vague, and conclusory and fails to meet the minimum pleading requirements of each of these claims.

      "A motion to dismiss does not automatically stay discovery…[h]owever, 'upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to [Rule] 26(c).'" <u>Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.</u>, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party

PADUANO & WEINTRAUB LLP

Judge Dale E. Ho
December 19, 2023
Page 2

opposing the stay, and the strength of the pending motion forming the basis of the request for stay." Republic of Turkey v. Christie's, Inc., 316 F. Supp.3d 675, 677 (S.D.N.Y. 2018).

Here, discovery requests have not yet been served by either party. Defendants' Motion is strong because the allegations in the Complaint are insufficient to plead all claims. Plaintiff's age discrimination claim fails to plead that any compensation decisions were influenced by the age of the recipient and fails to meet the "but-for" causation standard required under the ADEA as well as the requirement under the NY HRLs that Plaintiff plead an inference that age was a motivating factor for any alleged adverse treatment by the Company. Plaintiff's unequal pay claim is devoid of a single piece of evidence explaining how any alleged comparator is similarly situated to Plaintiff in terms of equal skill, duties or responsibilities. Plaintiff's claims of retaliation fail to meet multiple pleading requirements, including failure to allege protected activity under the NY HRLs, failure to allege a reasonable belief of an underlying violation of law, rule or regulation with respect to the NYLL, and zero causal connection under any statute between his purported protected activity and his termination. Thus, the strength of Defendants' Motion weighs in favor of staying discovery. See AA Med. P.C. v. Almansoori, No. 20-CV-03852 (DG) (JMW), 2022 U.S. Dist. LEXIS 38021, at *12 (E.D.N.Y. Mar. 3, 2021) (granting motion to stay pending motion to dismiss; "[i]n sum, Defendant has made a strong showing that the claims subject to the Rule 12(b)(6) motion may be unmeritorious.").

Moreover, Plaintiff will not be prejudiced by a stay because Plaintiff has not yet served any discovery requests and this action has only been pending for approximately two months. See Shulman v. Becker & Poliakoff, LLP, No. 17-CV-9330 (VM) (JLC), 2018 U.S. Dist. LEXIS 175771, at *4 (S.D.N.Y. Oct. 11, 2018) (finding no prejudice from stay pending motion to dismiss where case was "not even a year old"). Indeed, even if Defendants' Motion is granted in part, the stay would likely simplify, shorten, and streamline discovery by limiting the scope of discovery. See Gross v. Madison Square Garden Ent. Corp., No. 23-cv-3380 (LAK) (JLC), 2023 U.S. Dist. LEXIS 185775 (S.D.N.Y. Oct. 17, 2023) (citing Spinelli v. NFL, No. 13-cv-7398 (RWS), 2015 U.S. Dist. LEXIS 155816 (S.D.N.Y. Nov. 17, 2015)).

Conversely, if the parties proceed to discovery prior to a determination on the Motion, Defendants will bear a significant discovery burden, as Defendants anticipate that Koneksa's Company records and communications will be more voluminous and will involve more collection, review, and production processes that that of the individual Plaintiff. Additionally, all parties may expend significant time,

PADUANO & WEINTRAUB LLP

Judge Dale E. Ho
December 19, 2023
Page 3

effort, and expense on discovery of claims that are ultimately dismissed. Thus, Defendants may be prejudiced, and both parties benefit from staying discovery pending a decision on the Motion.

Accordingly, Defendants respectfully request that the Court grant their request for a stay of discovery pending the Court's decision on the Motion.

Respectfully submitted,

/s/ Tara H. Curtin

Tara H. Curtin

cc: All counsel of record (via ECF)

Application **DENIED**. Defendants' letter does not establish that this case is an exception to the general rule that the pendency of a motion to dismiss does not provide cause to stay discovery. "A court determining whether to grant a stay of discovery pending a motion [to dismiss] must look to the particular circumstances and posture of each case." *Republic of Turk. v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id.* The first two factors favor Plaintiff, as the parties' letters and the Complaint suggest this case will present the standard discovery burdens inherent in employment discrimination litigation. The third factor slightly favors Plaintiff, as delay in taking discovery may dim witnesses' recollection of the events at issue. Regarding the fourth factor, the Court notes that the motion is not yet fully briefed, making its strength or weakness unclear, and that even if granted, Plaintiff could seek leave to amend his Complaint to cure any pleading deficiencies. The request for a stay of discovery pending adjudication of the motion to dismiss is denied and the parties shall work diligently to complete discovery by previously-ordered deadlines. So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 18.

Dale E. Ho
United States District Judge
Dated: January 4, 2024
New York, New York