Meredith Cavallaro
Tara H. Curtin
Samantha L. Frenchman
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, 9th Floor
New York, New York 10020
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
GOL OPHIR,
                        :

        Plaintiff,

                        :   No. 1:23-cv-09145 (DEH)

    v.

                        :
KONEKSA HEALTH INC. and CHRIS BENKO,

                        :   Oral Argument Requested

        Defendants.            :
------------------------------------- x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100
Attorneys for Defendants

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT ..........................................................................................................................1

    I.      The Complaint Must Be Dismissed in Its Entirety Pursuant to Rule 12(b)(6). .............1

          A.  Plaintiff's Age Discrimination Claims Must be Dismissed. ...................................1

                i.   Plaintiff Fails to Adequately Allege an Equal Pay Claim Under
                     the New York Labor Law. ................................................................................1

                ii.  Plaintiff Fails to State an Age Discrimination Claim Under the ADEA. ..........3

                iii. Plaintiff Fails to State an Age Discrimination Claim Under
                     the NYSHRL and the NYCHRL....................................................................7

          B.  Plaintiff's Retaliation Claims Must be Dismissed. .................................................9

CONCLUSION....................................................................................................................11

# TABLE OF AUTHORITIES

Cases                                                                                                                    Page(s)

Batiste v. City Univ. of N.Y.,
No. 16-CV-3358 (VEC), 2017 U.S. Dist. LEXIS 105575 (S.D.N.Y. July 7, 2017) ......................10

Burch v. Roswell Park Cancer Inst.,
No. 03-CV-0473E(Sc), 2005 U.S. Dist. LEXIS 43749 (W.D.N.Y. Jan. 18, 2005)................. 6n-7n

Burger v. New York Institute of Technology,
94 F. 3d 830 (2d. Cir. 1996)......................................................................................................7

Cherry v. Am. Tel. & Tel. Co.,
47 F.3d 225 (7th Cir. 1995) ......................................................................................................6n

Cockfield v. United Techs. Corp.,
289 F. Supp. 2d 126 (D. Conn. 2003).......................................................................................6

Doolittle v. Bloomberg L.P.,
No. 22-cv-09136 (JLR), 2023 U.S. Dist. LEXIS 194764 (S.D.N.Y. Oct. 31, 2023) .................. 7-8

Eisenhauer v. Culinary Inst. of Am.,
84 F.4th 507 (2d Cir. 2023) ................................................................................................ 2n-3n

Faughnan v. Nassau Health Care Corp.,
No. 2:19-cv-03171, 2021 U.S. Dist. LEXIS 78845 (E.D.N.Y. March 18, 2021).........................2, 3

Graham v. Long Island R.R.,
230 F.3d 34 (2d Cir. 2000).......................................................................................................6n

Gregory v. Daly,
243 F. 3d 687 (2d Cir. 2001).....................................................................................................8

Ko v. JP Morgan Chase Bank, N.A.,
No. 16-cv-7707 (DAB), 2017 U.S. Dist. LEXIS 120930 (S.D.N.Y. July 31, 2017).......................6

LeRoy v. Delta Air Lines,
No. 21-267-cv, 2022 U.S. App. LEXIS 29352 (2d Cir. Oct. 27, 2022) .....................................10

Littlejohn v. City of New York,
795 F.3d 297 (2d Cir. 2015)......................................................................................................9

Mabry v. Neighborhood Defender Serv.,
769 F. Supp. 2d 381 (S.D.N.Y. 2011).......................................................................................4

Marcus v. Leviton Mfg. Co., Inc.,
661 F. App'x 29 (2d Cir. 2016) .................................................................................. 3-4

Melman v. Montefiore Med. Ctr.,
98 A.D.3d 107 (1st Dep't 2012) ..................................................................................... 8

Pezhman v. City of New York,
851 N.Y.S.2d 14 (1st Dep't 2008) ...................................................................................9

Ward v. Cohen Media Publ'ns LLC,
No. 1:22-cv-06431, 2023 U.S. Dist. LEXIS 147806 (S.D.N.Y. 2023) ...........................2

White v. Bridge Inc.,
No. 18-cv-1689 (AJN), 2019 U.S. Dist. LEXIS 168444 (S.D.N.Y. Sept. 30, 2019) .......8

Statutes

N.Y. Exec. Law § 296(1)(a)............................................................................................7

N.Y.C. Admin. Code § 8-107(1)(a)(3) ...........................................................................7

NYLL § 194(1) ................................................................................................................2

Koneksa Health Inc. ("Koneksa" or the "Company") and Christopher Benko ("Mr. Benko") (together, "Defendants") submit this Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## PRELIMINARY STATEMENT

Plaintiff's piecemeal allegations, which simply parrot statutory requirements in conclusory fashion, fail to establish the claims in the Complaint. The limited facts alleged poke holes in Plaintiff's legal theories and defeat his own claims. Plaintiff fails to present a single similarly situated younger employee with whom a comparison could yield an inference of age discrimination. This alone is fatal to his claims under the ADEA, the NY HRLs, and the NYLL. Further, the allegations establish that Plaintiff was treated equal to, and better than, many of the younger executive leaders of the Company during his tenure. Plaintiff's retaliation claims under the NY HRLs and the NYLL fail to establish a protected complaint of an underlying violation of law (as none exists), and any belief of such a violation is not reasonable under the circumstances. Because there is no underlying protected activity, causation also cannot be established, and it is nevertheless inadequately pled. For these reasons, and those that follow, the Complaint should be dismissed in its entirety.

## ARGUMENT

**I.    The Complaint Must Be Dismissed in Its Entirety Pursuant to Rule 12(b)(6).**

    **A.    Plaintiff's Age Discrimination Claims Must be Dismissed.**

        **i.    Plaintiff Fails to Adequately Allege an Equal Pay Claim Under the New York Labor Law.**

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint (ECF No. 17).

The Complaint fails to state a claim under NYLL § 194(1) for unequal pay on the basis of Plaintiff's age. The NYLL, as amended, protects individuals in protected classes who were paid at a lesser rate but engaged in "substantially similar work, when viewed as a composite of skill, effort, and responsibility." NYLL § 194(1). The NYLL requires that Plaintiff allege sufficient factual allegations to reasonably infer that a comparator's work was substantially similar to that of Plaintiff, which may not be alleged in conclusory fashion or through a mere recitation of the statute. Ward v. Cohen Media Publ'ns LLC, No. 1:22-cv-06431, 2023 U.S. Dist. LEXIS 147806, at *47 (S.D.N.Y. 2023) (granting motion to dismiss NY equal pay claim because plaintiff "fail[ed] to include any facts regarding [the alleged comparator's] alleged job responsibilities"); see also Faughnan v. Nassau Health Care Corp., No. 2:19-cv-03171, 2021 U.S. Dist. LEXIS 78845, at *21 (E.D.N.Y. March 18, 2021) (granting motion to dismiss state equal pay claims where plaintiff fails to allege a valid comparator by failing to provide "an explanation of what [the alleged 'same work'] entails").

Despite Plaintiff's argument to the contrary, the 2019 amendment to the NYLL does not exempt Plaintiff from the pleading requirement to allege ***how*** a comparator's work is substantially similar to his own. Ward, 2023 U.S. Dist. LEXIS 147806, at *47; Faughnan, 2021 U.S. Dist. LEXIS 78845, at *21; Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp.") at 24-25. While the standard of the NYLL differs from the federal analogue (which protects only "equal work," and not "substantially similar work"), courts continue to analyze New York state law claims under the federal framework, namely requiring that a comparator be identified and an assessment be conducted as to whether their levels of skill, effort, or responsibility "justify the pay differential." Ward, 2023 U.S. Dist. LEXIS 147806, at *46.[2]

---

[2] Plaintiff's sole citation to a footnote in Eisenhauer v. Culinary Inst. of Am., 84 F.4th 507, 525

Under the NYLL, even alleging that a plaintiff holds the same title as a comparator, but is paid less, is "not enough" – a plaintiff must plead specific similarities based on job content. Faughnan, 2021 U.S. Dist. LEXIS 78845, at *24-25.

Plaintiff does not put forth a comparator with the same title as himself, nor does the Complaint contain a single allegation describing the skills, effort, experience, responsibilities, or work of an alleged comparator. Plaintiff admits as much, stating that the allegations upon which he relies are solely the circular and conclusory statements that "the [Executive Leadership Team ("ELT")] was composed of the Company's 'top executives . . . employed at the same level' as Plaintiff, thus demonstrating they all had a similar level of responsibility" and inferring similarity because members of the ELT at one time were "treat[ed] [] the same" through receiving the same base-level salary. Opp. at 25. Plaintiff's recitations that other ELT positions (as divergent as Head of Data Science and Head of Business Development) "required equal levels of skills, duties, and responsibilities" (Compl. ¶¶ 30, 34) are likewise conclusory and unavailing. The Complaint does not describe the nature of any member of the ELT's responsibilities or work, and Plaintiff's barebones allegation that employees with a "similar level of responsibility" should be treated the same is insufficient as a matter of law.

ii. **Plaintiff Fails to State an Age Discrimination Claim Under the ADEA.**

Plaintiff fails to state a claim for age discrimination under the ADEA because he does not plausibly allege that age was the "but-for" cause of his alleged adverse treatment. Marcus v. Leviton Mfg. Co., Inc., 661 F. App'x 29, 31-32 (2d Cir. 2016) ("A plaintiff must supply sufficient factual material, and not just legal conclusions, to push the misconduct alleged in the

---

n.90 (2d Cir. 2023) is misplaced as that case relates to the grounds for rebutting a *prima facie* case of discrimination on summary judgment.

pleading beyond the realm of the 'conceivable' to the '*plausible*.'").[3] The Complaint is entirely devoid of evidence that age was a motivating factor for the Company's compensation decisions. It does not contain a single allegation of a younger employee who performed substantially similar work and received preferential treatment, nor does it contain a single remark from which discriminatory animus could be inferred. Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 392 (S.D.N.Y. 2011) (the pleading must "set forth factual circumstances from which discriminatory motivation for such action can be inferred").

The allegations in the Complaint demonstrate that Plaintiff was compensated *more* favorably than multiple younger members of the ELT. Out of the nine members of the ELT (of which Plaintiff alleges he was the oldest), he was compensated less than only five members – "the Chief Medical Officer, the Executive Vice President of Finance, the Chief People Officer, the Chief Executive Officer, and the President." Compl. ¶¶ 16, 23. Accordingly, he was paid *more* than three other younger members of the ELT. Moreover, the titles of the individuals who were allegedly paid more than Plaintiff, including the CEO and President, create a strong inference that compensation decisions were based on responsibility and job function, rather than age. See also id. ¶ 29 (alleging that the Head of Data Science, who was also a *co-founder* and the *largest individual shareholder* of the Company, received a larger cash bonus than Plaintiff). Plaintiff alleges that only three of the members of the ELT received extra equity grants. Id. ¶ 26. Accordingly, Plaintiff was treated *the same* as the five other members of the ELT, who also did not receive an extra equity grant. Plaintiff fails to provide any evidence that a single one of these compensation decisions was motivated by an individual's age, or that "but for" his age, he would have been compensated more favorably. In fact, the opposite is established – younger employees

---

[3] Emphasis added unless otherwise indicated.

on the ELT received *lower* base salaries than Plaintiff, and also did not receive extra equity grants or cash bonuses.[4]

Faced with these glaring and fatal pleading flaws, Plaintiff places his focus on alleging that he was an outlier of two compensation policies. The first is an alleged "policy" of treating all members of the ELT "the same" in terms of their base salary. Id. ¶¶ 21, 37. However, Plaintiff readily admits that this policy "quickly ceased to be true," and that this change did not only affect Plaintiff, but all members of the ELT, including those younger than Plaintiff. Id. at ¶¶ 21, 23. It is not alleged that this change was made due to any age-related considerations. Accordingly, this policy, and the change thereto, fails to establish any inference of discrimination.

The second alleged policy is that the Company "aimed" to pay all employees at the 50th percentile, with a minimum at the 25th percentile, based on industry compensation comparisons in annual reports from Aon-Radford. Id. ¶¶ 36-37. Plaintiff alleges that he was told that his base salary was below the 25th percentile, but he does not allege that he was told, or it was implied, that this was because of his age. Id. ¶ 40. Plaintiff alleges that the other members of the ELT were paid within the "aim" of the policy, but Plaintiff fails to identify a single member of the ELT that was similarly situated to Plaintiff in terms of experience, responsibilities, effort, skills, or performance history – factors key to compensation decisions. Plaintiff identifies another alleged outlier – Rick Griffin – who is "one level below the Executive Team" and "in his early 60's," but again, Plaintiff does not allege that someone with similar responsibilities to Mr. Griffin was paid in accordance with the policy aims. Id. ¶¶ 42-43. Plaintiff does not allege that Ms. Kaspar stated or implied that employee compensation was influenced by age, or that Mr. Benko stated or

---

[4] Plaintiff acknowledges that employee compensation was composed of base salary, bonus, and equity grants, yet fails to analyze or compare his compensation in light of the totality of these factors, preventing a true assessment of whether he was in fact treated adversely.

5

suggested as much when the discrepancy was raised to his attention. In fact, ***nothing*** is alleged as to why Mr. Benko refused to adjust these salaries, except for Plaintiff's telling admission, later in the Complaint, that Mr. Benko had sought to address performance concerns with Plaintiff. Id. ¶ 68.

Without identifying younger, similarly situated employees paid within the policy and addressing legitimate bases for different compensation decisions, Plaintiff cannot establish a plausible inference that age was a motivating factor. See Ko v. JP Morgan Chase Bank, N.A., No. 16-cv-7707 (DAB), 2017 U.S. Dist. LEXIS 120930, at *8-9 (S.D.N.Y. July 31, 2017) (dismissing ADEA claim as plaintiff did not allege any discriminatory remarks or similarly situated individuals).

While Plaintiff argues that he can solely rely on the existence of a Company-wide policy (Opp. at 9), Plaintiff fails to provide support for this position, exclusively citing Title VII cases pertaining to disciplinary policies, not compensation policies, and the cases cited nevertheless provide that the enforcement of such policies must be consistently applied based on comparing similarly situated individuals in terms of the severity of underlying misconduct. Id.; see, e.g., Cockfield v. United Techs. Corp., 289 F. Supp. 2d 126, 131 (D. Conn. 2003) ("a plaintiff must show that the co-employees were subject to the same performance evaluation and discipline standards…*[and] that similarly situated employees who went undisciplined engaged in comparable conduct*.").[5] Accordingly, discrimination is not inferred based on deviation from a

---

[5] See also Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000) (same); Cherry v. Am. Tel. & Tel. Co., 47 F.3d 225, 229 (7th Cir. 1995) (granting summary judgment for defendant in failure to promote case, explaining "alleging the discriminatory application of a highly discretionary program--***and as evidence compares herself to employees who perform quite different functions***--she faces an uphill road"); Burch v. Roswell Park Cancer Inst., No. 03-CV-0473E(Sc), 2005 U.S. Dist. LEXIS 43749, at *20-21 (W.D.N.Y. Jan. 18, 2005) (granting summary judgment for defendant as plaintiff did not allege a similarly situated individual who had engaged

policy alone, but rather demonstrating that the policy was applied differently to those *similarly situated* to the plaintiff, outside of his protected class. Likewise, the analysis in *dicta* in Burger v. New York Institute of Technology, 94 F. 3d 830, 833 (2d. Cir. 1996) (Opp. at 14-15) is unavailing as the hypothetical discussed relies on the assumption that the older terminated worker is performing the same role as the younger employee, explicitly stating that the Second Circuit has "stressed that ***the similarity of the jobs held by an older and younger employee is the touchstone*** for determining whether a lay-off of the older may be found to be an ADEA violation." 94 F.3d at 833. Plaintiff sets forth no baseline assumption that any younger employees paid within the policy's aims hold similar jobs or are otherwise similarly situated.[6]

The "bits of pieces of information" alleged in the Complaint (Opp. at 8) collapse under scrutiny, revealing that Plaintiff was in fact paid more favorably than many younger employees on the ELT, and his failure to identify a single similarly situated comparator prevents any inference of discrimination. Accordingly, Plaintiff has not alleged a claim for age discrimination under the ADEA.

### iii. Plaintiff Fails to State an Age Discrimination Claim Under the NYSHRL and the NYCHRL.

Plaintiff also fails to state a claim of age discrimination under the NYSHRL and the NYCHRL because he does not allege that he was paid less ***even in part*** because of his age, or that age was at least one motivating factor. See N.Y.C. Admin. Code § 8-107(1)(a)(3); N.Y. Exec. Law § 296(1)(a); see also Doolittle v. Bloomberg L.P., No. 22-cv-09136 (JLR), 2023 U.S. Dist.

---

in comparably serious misconduct and received different disciplinary action and therefore "failed to put forward sufficient evidence to raise an inference of discrimination").

[6] Additionally, there were other older employees throughout Plaintiff's employment, but those individuals are not alleged to have fallen outside of the recommended percentiles. Compl. ¶ 42 ("for ***much*** of his employment," Mr. Griffin was the only employee older than Plaintiff); Compl. ¶ 17 (Plaintiff second oldest for "***most***" of his tenure).

7

LEXIS 194764, at *19 (S.D.N.Y. Oct. 31, 2023); Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 127 (1st Dep't 2012). The Complaint lacks any plausible inference that age was considered in *any way* in compensation decisions. The Complaint also provides no basis to infer that the younger employees on the ELT who received a higher base salary, a larger bonus, or additional equity grants were similarly situated to Plaintiff. See White v. Bridge Inc., No. 18-cv-1689 (AJN), 2019 U.S. Dist. LEXIS 168444 (S.D.N.Y. Sept. 30, 2019) (merely alleging that plaintiff was paid less than other coworkers without establishing that they were similarly situated is insufficient to state a claim under the NYCHRL and NYSHRL). Plaintiff also does not allege that Ms. Kaspar, Mr. Benko, or any other Company decisionmaker made a single remark about age. Rather, the Complaint establishes that Plaintiff was treated *more* favorably than certain younger members of the ELT. See Compl. ¶¶ 23, 26.

Plaintiff claims that no allegations of discriminatory intent are required given the "elusive nature" of intentional discrimination. Opp. at 17. Plaintiff argues that Gregory v. Daly, 243 F. 3d 687 (2d Cir. 2001) stands for the proposition that in order to survive a motion to dismiss, a plaintiff does not need to specifically allege that each of a defendant's actions was motivated by age. Id. However, the plaintiff in Gregory did allege, in support of her gender discrimination and hostile work environment claims, that defendant made specific references to women as "easy victims of sexual assault"; "demeaning remarks about women"; and that "some of his actions could perhaps be construed as pressure to engage in sexual activity." 243 F. 3d at 694. Thus, the Court found that plaintiff did not need to specifically allege that the discriminating conduct was "done because of my sex." Id. Plaintiff does not provide *any* allegation of discriminatory intent or motivation, and therefore cannot state a claim for age discrimination even under the more lenient NYSHRL and NYCHRL standard.

8

B.   **Plaintiff's Retaliation Claims Must be Dismissed.**

Plaintiff's retaliation claims are insufficiently pled.  A complaint "of conduct ***other than unlawful discrimination*** is not a protected activity subject to a retaliation claim under the [NY HRLs]." Pezhman v. City of New York, 851 N.Y.S.2d 14 (1st Dep't 2008).  There is no claim of unlawful discrimination.  Plaintiff alleges that Ms. Kaspar reported to him that at a social event, following a Senior Leadership Team offsite meeting, that "someone had spiked her drink with alcohol when she was not looking and that, as a result, she got really drunk." Compl. ¶ 56. Plaintiff also alleges that the President and COO was among "several other senior managers" (unidentified in terms of their sex) who witnessed the incident.  Id. ¶ 57.  Plaintiff does not allege that Ms. Kaspar (an experienced Chief People Officer) expressed any personal concern about this incident or was distressed or upset; rather, she had decided it was not necessary to report it.  She is not alleged to have stated that she felt the incident had been motivated by her sex.  Spiking a drink within the presence of many other people, with no allegation as to the actor, does not constitute a claim for sexual harassment or discrimination.

While Plaintiff may have been "concerned" (id. ¶ 58), he did not complain nor was he critical about a "discriminatory employment practice," as is required under the law.  Littlejohn v. City of New York, 795 F.3d 297, 318 (2d Cir. 2015).   Plaintiff's alleged activity – that he "recommended that Ms. Kaspar make a formal complaint"; "sought legal advice from the Company's outside counsel"; and "informed Defendant Benko" of the incident and that it should be taken seriously – are all well within the bounds of his responsibilities as General Counsel. Compl. ¶¶ 60-70.  Plaintiff's urging that the underlying behavior could ***"be understood*** as sexual harassment and/or battery" is different than stating his own personal belief that ***unlawful discrimination*** (not just illegal conduct) had occurred.   Id. ¶ 70.  Even assuming Plaintiff

expressed a belief that this conduct did constitute sexual harassment (which is not what is alleged), the standard for the reasonableness of the belief is assessed "in light of the totality of the circumstances" and the "perspective of a reasonable similarly situated person." LeRoy v. Delta Air Lines, No. 21-267-cv, 2022 U.S. App. LEXIS 29352, at *7 (2d Cir. Oct. 27, 2022). Plaintiff, an attorney and former General Counsel, would not be reasonable in believing sexual harassment had occurred when all that was relayed was that an unknown person added alcohol to the drink of the Chief People Officer, who did not report being upset or concerned or that she believed it had anything to do with her sex. Batiste v. City Univ. of N.Y., No. 16-CV-3358 (VEC), 2017 U.S. Dist. LEXIS 105575, at *29 (S.D.N.Y. July 7, 2017) (complaints "***unaccompanied by any indication that plaintiff's protected class status caused the unfairness, do[] not qualify as protected activity***.").

Plaintiff also does not allege any facts that would support a reasonable belief that the reported activity violated the law for purposes of the NYLL. The allegations do not support a belief that battery occurred because battery requires physical contact that is intentional (the allegations shed no light on who added the alcohol, or whether it was intentional), and unwanted (something that Ms. Kaspar never claimed). Plaintiff also fails to allege that his termination occurred *because of* this disclosure. The Complaint does not allege that he or Mr. Benko mentioned the incident or Plaintiff's actions at the time of termination. In fact, the Complaint alleges that Mr. Benko was upset during their earlier July meeting, not about Plaintiff's comments, but about Plaintiff's involvement of outside counsel (without prior approval) and Plaintiff's attempt to "deflect from issues with his [own] work" during his performance meeting. Compl. ¶¶ 68, 72. Therefore, Plaintiff does not allege unlawful activity, a protected complaint, or causation, and fails to plead that his termination was retaliatory under the NY HRLS or the NYLL.

## **CONCLUSION**

For all of the reasons stated herein and in the Memorandum of Law in Support of Defendants' Motion to Dismiss, Plaintiff has failed to adequately allege each claim, and the Complaint should be dismissed in its entirety.

Dated: New York, New York
February 9, 2024

                      PADUANO & WEINTRAUB LLP

                      By: /s/ Tara H. Curtin
                           Meredith Cavallaro
                           Tara H. Curtin
                           Samantha L. Frenchman
                      1251 Avenue of the Americas
                      Ninth Floor
                      New York, New York 10020
                      (212) 785-9100
                      mc@pwlawyers.com
                      tc@pwlawyers.com
                      slf@pwlawyers.com

                      *Attorneys for Defendants*