UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GOL OPHIR,

                Plaintiff,

v.

KONEKSA HEALTH INC., et al.,

                Defendants.

23 Civ. 9145 (DEH)

**ORDER**

---

DALE E. HO, United States District Judge:

On April 16, 2024, Plaintiff filed a letter motion seeking an order compelling Defendants to supplement their discovery responses. *See* ECF No. 30. On April 23, 2024, Defendants filed a letter in response. *See* ECF No. 36.

It is hereby **ORDERED** that Plaintiff's request for an order compelling supplemental responses to Requests for Production ("RFPs") 5, 6, 8, 10, 11, 12, 13, and 14 and Interrogatories 3 and 4 is **GRANTED.** "[C]ourts typically apply more 'liberal civil discovery rules' in employment discrimination cases, giving plaintiffs 'broad access to employers' records in an effort to document their claims.'" *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 562 (S.D.N.Y. Oct. 15, 2013) (quoting *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657 (1989)).[1] "Broader discovery is warranted when a plaintiff's claims are premised on a pattern or practice of discrimination at the organization-wide level, as opposed to specific allegations of discrimination made against an individual supervisor." *Id.*

RFPs 5 and 6 seek documents relevant to Plaintiff's compensation. Plaintiff states that his employment contract allowed him to sell stock shares if other executives did so and alleges that Defendants failed to notify him of such sales when they occurred. If Plaintiff's employment

---

[1] In all quotations from cases, internal quotation marks, citations, ellipses, brackets, and other modifications are omitted unless otherwise indicated.

contract does contain a provision along the lines he describes, then information regarding other executives' sales of stock would be relevant and discoverable, as they would tend to show that Defendants functionally restricted Plaintiff's exercise of his equity options, affecting his compensation.

Defendants do not (at least for purposes of this motion) contest Plaintiff's characterization of his employment contract. Rather, they argue that Plaintiff's requests should be denied because the Complaint lacks allegations regarding this theory of lesser compensation. That argument fails for several reasons.  First, Defendants do not explain why Plaintiff "should not be able to seek evidence of illegal pay discrimination that might have been unknown to [him] during [his] employment." *Chiaramonte v. Animal Medical Ctr.*, No. 13 Civ. 5117, 2014 WL 3611098, at *6 (S.D.N.Y. July 22, 2014) (denying request that Plaintiff be limited to taking discovery only as to comparators named in the operative pleading).  Second, the Complaint includes allegations regarding differential treatment in equity grants, *see, e.g.*, Compl. ¶¶ 26-27, 32-33, which is sufficient to make information about alleged restrictions on Plaintiff's ability to sell stock "relevant to [Plaintiff's] claim." Fed. R. Civ. P. 26(b)(1).  In sum, given that Defendants do not dispute that Plaintiff's employment contract contains a provision allowing him to sell shares if other employees did so, then information about Defendants' alleged failure to notify Plaintiff of other employees' sales is relevant and discoverable.

Likewise, RFPs 8, 10, 11, 12, 13, and 14 and Interrogatories 3 and 4 seek information on the age and compensation of members of the Executive Leadership Team ("ELT") and Senior Leadership Team ("SLT").  The Complaint alleges that Plaintiff was a member of the ELT and that a member of the SLT was underpaid due to his age, showing a pattern across Defendant Koneksa Health, Inc., *see* Compl. ¶¶ 21, 42-44, and in his letter, Plaintiff states that ELT and SLT members are potential comparators.  "The law makes clear that comparator discovery

2

should be liberally granted to allow Plaintiff to attempt to make a showing of discrimination." *Dass v. City Univ. of New York*, No. 18 Civ. 11325, 2022 WL 16737028, at *3 (S.D.N.Y. Nov. 7, 2022). Information on the compensation of the ELT and SLT members during Plaintiff's employment is plainly discoverable, as it may help Plaintiff identify comparators. Defendants' argument regarding Plaintiff's failure to show that ELT and SLT members are similarly situated to qualify as comparators fails because, "disputes over comparability are usually resolved later in the case; they do not typically bar the plaintiff from taking the discovery in the first instance." *Doe v. Wesleyan Univ.*, No. 19 Civ. 1519, 2021 WL 4704852, at *7 (D. Conn. Oct. 8, 2021). Information about the age and compensation of ELT and SLT members is plainly relevant and therefore discoverable. Defendants shall supplement their discovery responses in accordance with this order.

It is further **ORDERED** that Plaintiff's request for an order compelling a supplemental production in response to RFPs 16, 17, 18, and 23 is **GRANTED**. These RFPs seek documents related to an incident in which a female employee was allegedly drugged. *See* ECF No. 30-1, at 9-11, 13. The Complaint alleges that Plaintiff was terminated because he complained about this incident, including to Defendant Chris Benko. *See* Compl. ¶ 108. Plaintiff argues that Defendants are withholding documents responsive to these requests, including emails Plaintiff sent in his capacity as general counsel to outside counsel seeking legal advice and the memorandum outside counsel received in response. Defendants assert attorney-client privilege with respect to these documents. Plaintiff does not contest that these materials are privileged but argues that Defendants waived any privilege by failing to promptly move to seal to the Complaint.

Because the Complaint brings a federal claim, federal common law of privilege applies. *See Complex Sys., Inc. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 150 (S.D.N.Y. 2011). "A

3

party seeking to show that inadvertent disclosure of privileged materials did not waive the privilege must show, among other things, that it tried to remedy such disclosure immediately." *Fischman v. Mitsubishi Chemical Holdings Am., Inc.*, No. 18 Civ. 8188, 2019 WL 3034866, at *3 (S.D.N.Y. July 11, 2019). "Generally, that requires a request for the return or destruction within days after learning of the disclosure." *Charlemagne v. Educ'l Alliance, Inc.*, No. 22 Civ. 1136, 2022 WL 1421480, at *1 (S.D.N.Y. May 5, 2022). The Complaint includes the following allegations:

> 62. Nevertheless, Mr. Ophir, as Koneksa's General Counsel, understood that the Company (and potentially Mr. Shah) could be exposed to liability because of the incident.
> 63. Thus, Mr. Ophir sought legal advice from the Company's outside counsel that had been retained to handle all human resource issues.
> 64. The Company's lawyers produced a detailed memo recommending that, despite Ms. Kasper's reluctance to make a formal complaint, the Company conduct a formal investigation of the incident because of the serious potential for liability for, among other things, sexual harassment, and battery.

Compl. ¶¶ 62-64; *see also id.* ¶ 73 ("Mr. Ophir informed Defendant Benko that outside counsel had recommended that the Company conduct a formal investigation of the incident, and that to not investigate it would leave the Company and Senior Executives open to more serious liability."). These paragraphs describe the substance of legal advice provided to Defendants (through Plaintiff in his role as general counsel), meaning they disclose privileged communications. *Cf. Fischman*, 2019 WL 3034866, at *4 (finding privilege did not apply to "narratives of events, rather than communications" and "informal conversations between employees about sexism in the company," because "those communications are not comments made for the purpose of obtaining or providing legal advice"); *Charlemagne*, 2022 WL 1421480, at *3 (finding privilege did not apply to "allegations [that do] not disclose communications, or summarize . . . communications unrelated to obtaining or providing legal advice."). The Complaint was filed on October 17, 2023, *see* ECF No. 1, and counsel for Defendants first

appeared on October 20, 2023, *see* ECF Nos. 7-8.  In light of the more than six months that have elapsed, Defendants' arguments regarding the lack of waiver are not persuasive.

The Court finds Defendants' failure to object was inadvertent, meaning the scope of such waiver should be limited "based on the circumstances involved and overall fairness." *In re Grand Jury Proceedings*, 219 F.3d 175, 183 (2d Cir. 2000).  The Complaint only includes allegations regarding Plaintiff's seeking legal advice related to the incident from outside counsel and outside counsel's recommendation to conduct an investigation in response.  Accordingly, the Court finds that waiver does *not* apply to any privileged communications related to the incident that are not substantively described in the Complaint.  Defendants shall produce any communications that are responsive to RFPs 16, 17, 18, and 23 for which attorney client privilege has been waived, as described in this order.

It is further **ORDERED** that Plaintiff's request for an order compelling a supplemental response to Interrogatory 7 is **DENIED**, without prejudice to renewal.  Interrogatory 7 requests that Defendants "[i]dentify each and every person who Plaintiff had supervisory authority over during the time period of Plaintiff's employment with Defendants." ECF No. 30-2, at 4.  Plaintiff's letter instead characterizes this request as seeking the identity of "every person with supervisory authority over [Plaintiff]."  It is unclear the relevance of Plaintiff's direct reports, but in any event, Defendants represent that they have produced organizational charts demonstrating Plaintiff's direct reports, mooting out this interrogatory.  Plaintiff's request is accordingly denied.

The Clerk of Court is respectfully directed to close the motion at ECF No. 30.

SO ORDERED.

Dated: April 30, 2024
      New York, New York

_____
DALE E. HO
United States District Judge
