**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601 D.
New York, NY 10004
Phone   (212)   688-5640
Fax   (212)   688-2548
www.jk-llp.com

May 3, 2024

**Via ECF**

Honorable Dale E. Ho
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Ophir v. Koneksa Health Inc., et al.*, No. 1:23-cv-09145– Plaintiff's Opposition Letter to Defendants' Letter Motion to Compel Discovery

Dear Judge Ho:

    We represent the Plaintiff, Gol Ophir, in the above referenced matter and write, pursuant to this Court's Orders (Dkt. Nos. 33, 35) and Individual Rule 4(j), to oppose Defendants' April 19, 2024, Letter Motion for Discovery ("Def's Letter") (Dkt. No. 32). For the reasons provided herein, the Court should deny Defendants' requests.

    **I.**    **The Privileged Materials Plaintiff Produced Should Remain in the Record as This Court has Determined Defendants Waived The Privilege and The Court Does Not Have the Authority To Provide the Relief Defendants Seek.**

    Defendants ask the Court to order Plaintiff to "return and destroy Koneksa's confidential and privileged materials that he has improperly retained." Def's Letter at 1. Specifically, in discovery, Plaintiff produced 1) a memorandum drafted by Koneksa's outside counsel (the "Obermayer Memo") that Plaintiff sought as General Counsel of Koneksa and which reflects a central component of Plaintiff's alleged protected activity, for which Plaintiff contends he was unlawfully terminated, and 2) an email from Plaintiff to Defendant Benko in which he relays the Obermayer Memo, which Plaintiff contends was protected activity for which he was unlawfully terminated.

    In granting in part Plaintiff's motion to compel, this Court already determined that Defendants waived the attorney-client privilege for these communications (among others), which were previously identified in Plaintiff's complaint. *See* Dkt. No. 37 at 3-5. As Defendants have requested that the Court address the issue of whether Plaintiff was required to return and destroy these two documents "together" with Plaintiff's request for the production of privileged documents, *see* Def's Letter at n.1, the Court's Order compelling the production of these (and other) documents related to Plaintiff's protected activity resolves Defendants' request here. The Court should deny Defendants' request to have Plaintiff return and destroy these two documents as Defendants have waived the attorney-client privilege for these documents, and they are permitted to be in the record.

    Defendants' request also seeks a remedy that the Court cannot issue. Defendants ask the Court

to order Plaintiff to destroy documents in his possession based on 1) his contract with Koneksa, and 2) the New York Rules of Professional Conduct. *See* Def's Letter at 2. Defendants do not cite to, and Plaintiff is not aware of, any case in which a court ordered as relief on a discovery motion the destruction or return of documents in an employee-party's possession based upon rights or obligations in the employee's employment contract. Defendants have not brought a contract claim against Plaintiff, and, absent a judgment against Plaintiff that he violated his contract, this Court does not have authority to grant Defendants' injunctive relief based upon their allegations that Plaintiff violated his contract. Neither does the Court have authority to compel Plaintiff to destroy documents based on the New York Rules of Professional Conduct.

## II.      Defendants' Fail to Establish a Compelling Need for Plaintiff's Tax Returns

Defendants requested the Plaintiff produce "[a]ll documents referring or relating to any wages and/or compensation received by Plaintiff, or any entity owned by Plaintiff subsequent to his employment with Koneksa, including but not limited to cash payments, pay stubs, W-2's, 1099's, state and federal income tax returns (with schedules), and bank and/or checking account records." (RFP No. 26, Exhibit 2 to Def's Letter) (Dkt. No. 32-2). Plaintiff objected to the request in that it is overbroad and unduly burdensome, in that it seeks documents that do not reflect any subsequent income (and, thus, it seeks irrelevant documents), and that Defendants failed to show a compelling need for Plaintiff's tax returns.

Neither Plaintiff nor any entity owned by Plaintiff have received "any wages or compensation" subsequent to his employment with Defendant. He has not received any 1099s or W-2's as compensation for work since his employment with Defendants.[1] As such, Plaintiff has no documents responsive to this Request. Nevertheless, Plaintiff has produced all of the records in his possession related to his unemployment benefits he received, his contract with his current employer (a start-up company) for which he does not receive a wage or any other compensation, and the stock purchase agreement that he received from his current employer (which reflects no compensation, only the agreement to buy stock at par value).[2]

Defendants are not entitled to Plaintiff's tax returns because they are not probative of Plaintiff's earned income after his employment with Defendants and Defendants have not shown a compelling need for them. In this Circuit, "courts are typically reluctant to compel the[] disclosure [of tax returns] because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns." *Uto v. Job Site Services Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010). "Although income tax returns provide a reliable source of financial information [] they reveal highly sensitive information, such as the social security numbers of taxpayers, medical and other deductions, and spousal information…. which may not be relevant to the litigation." *Malinowski v. Wall St. Source, Inc.*, Case No. 09 Civ. 9592, 2011 U.S. Dist. LEXIS 33650, at *9 (S.D.N.Y. Mar. 18, 2011) (internal citations and quotations omitted).

"In order for a court to compel discovery of income tax returns, a two-pronged test must be met: first the court must find that the returns are relevant to the subject matter of the action; and

---

[1] Plaintiff has received a 1099 for his unemployment benefits, which Plaintiff produced to Defendants.
[2] Defendants incorrectly characterize the stock-purchase agreement as an "equity option grant" when it is plainly an agreement revealing Plaintiff's purchase of stock at par value, not an "option" agreement for a right to purchase stock in the future.

second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Rosas v. Alice's Tea Cup, LLC* 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (quoting *SEC v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985)). "Under the second prong, if the information contained in a tax return is otherwise available to a party from other sources, compelling production should be denied." *Gates v. Wilkinson*, Case No. 03-CV-763, 2005 U.S. Dist. LEXIS 5523, at *5 (N.D.N.Y. April 5, 2005); *see e.g., Hazeldine v. Beverage Media*, Case No. 94 Civ. 3466, 1997 U.S. Dist. LEXIS 8971, at *12 (S.D.N.Y. June 26, 1997) (denying order compelling production of tax returns where information was available through deposition and "other less intrusive" discovery means). Courts have found that depositions are an alternative to tax returns in verifying financial information. *See Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 150 (S.D.N.Y. 2008) ("Depositions have also been held to constitute a less intrusive source for obtaining information."). "Modern courts tend to place the burden on the 'party seeking discovery to demonstrate both relevancy and a compelling need.'" *Id.* (quoting *Uto*, 269 F.R.D. at 212).

As an initial matter, Plaintiff's tax returns are not probative of Plaintiff's earned income after his employment with Defendants and are thus not relevant to the litigation. Plaintiff files his taxes jointly with his wife, and therefore these tax returns would not reveal *Plaintiff's* individual income, only the total income of Plaintiff and his wife. Thus, the tax returns sought are not relevant to the litigation, including to Plaintiff's claims for backpay damages.

Moreover, Defendants have not even attempted to meet their burden of showing a compelling need for Plaintiff's tax returns. Defendants do not have a compelling need for Plaintiff's tax returns, as Plaintiff can show his income (or lack thereof) through the production of any W-2s and 1099s he receives and through deposition testimony. *See e.g., Malinowski*, 2011 U.S. Dist. LEXIS 33650, at *10 ("Defendants fail to demonstrate that they were unable to obtain the information through less intrusive means, such as by seeking production of W-2's and 1099's… whether [Plaintiff] refused to produce the documents, or whether the production reflects inconsistencies so as to require verification."). In fact, Plaintiff has produced all the W-2's and 1099's he has received since his employment termination. Defendants' apparent position that Plaintiff is hiding work income or compensation is completely speculative and cannot be the basis for justifying the production of his tax returns. *See id.* at *11 (characterizing and rejecting Defendants' argument that Plaintiff's tax return "could lead to evidence that Plaintiff was deriving income from outside sources" as "purely speculative"). Because Defendants failed to show a compelling need for the tax returns, the Court should deny their motion to compel.[3]

                                              Respectfully Submitted,

                                              /s/ Michael DiGiulio
                                              Michael DiGiulio
                                              32 Broadway, Suite 601
                                              New York, NY 10004

---

[3] To the extent that the Court does order Plaintiff to produce his tax returns, Plaintiff requests that the Court allow him to redact all information in the returns other than information showing earned income. *See e.g., Michelman v. Ricoh Ams. Corp.*, Case No. 11-CV-3633, 2013 U.S. Dist. LEXIS 25143, at *7 (E.D.N.Y. Feb. 22, 2013) (permitting Plaintiff "to redact all information from [his] tax returns that does not relate to [his] income and sources of income").

Tel: 212-688-5640
Fax: 212-688-2548

*Attorneys for Plaintiff*

In a letter dated April 19, 2024, Defendants request an order compelling Plaintiff to return and destroy documents in his possession, including a memorandum from Defendant Koneksa Health Inc.'s outside counsel and an email from Plaintiff to Defendant Benko regarding the memorandum, on grounds of privilege.  *See* ECF No. 32.  An order issued April 30, 2024, found that Defendants had waived any privilege applicable to documents or communications substantively described in the Complaint.  The Complaint describes the memorandum and Plaintiff's communications with Benko regarding the contents of the memorandum.  *See* Compl. ¶¶ 64, 73.  Accordingly, Defendants' request is denied, as any privilege applicable to the documents in question has been waived.

Defendants also request an order compelling production of documents regarding Plaintiff's compensation following his employment with Koneksa Health, in particular his tax returns and the tax returns of any entity Plaintiff controls.  "A party seeking to compel production of tax returns in civil cases must meet a two-part test: first the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."  *Hawkins v. MedApproach Holdings, Inc.*, 326 F.R.D. 391, 393 (S.D.N.Y. 2018).  On the parties' letters, the returns are relevant to the case, as they go to Plaintiff's damages.  That Plaintiff files taxes jointly with his wife admittedly diminishes their probative value, but does not render the returns irrelevant, as they still reflect Plaintiff's income.  However, Defendants do not establish that the tax returns contain information that is not otherwise readily obtainable, in particular, through Plaintiff's deposition testimony regarding any sources of income following the termination of his employment.  Accordingly, Defendants' request for production of tax returns is denied, without prejudice to renewal.

The Clerk of Court is respectfully directed to close the motion at ECF No. 32.

Dale E. Ho
United States District Judge
Dated: May 10, 2024
New York, New York